### In the Matter of Mark J. THORNBURG, Respondent.

### No. 49S00–1112–DI–695.

Supreme Court of Indiana.

April 10, 2012.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** After passing the bar exam in 1998, Respondent was arrested for and pled guilty to operating a vehicle with a BAC of 0.08 to 0.15%, a class C misdemeanor. He reported this to the Board of Law Examiners and was sworn in later that year. Based on an incident on January 22, 2011, Respondent pled guilty to operating a vehicle while intoxicated with endangerment, a class A misdemeanor. He notified the Commission of this conviction.

The parties cite the following facts in mitigation: (1) Respondent met with the Indiana Judges and Lawyers Assistance Program ("JLAP") immediately after his second arrest, has cooperated with JLAP's recommendations, and is in compliance with his monitoring agreement; (2) he has no disciplinary history; and (3) he has been cooperative with the Commission.

**Violation:** The parties agree that Respondent violated Indiana Professional Conduct Rule 8.4(b), which prohibits committing a criminal act that reflects adversely on honesty, trustworthiness, or fitness as a lawyer.

**Discipline:** The Court, having considered the submission of the parties, now approves the following agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of 90 days, all stayed subject to completion of 24 months of probation,** effective April 28, 2012. The Court incorporates by reference the terms and conditions of probation set forth in the parties' Conditional Agreement, which include:

(1) Respondent shall have no violations of the law or the Rules of Professional Conduct during his probation.

(2) If Respondent violates his probation, the Commission will petition to revoke his probation and request that the

stayed suspension be actively served without automatic reinstatement, and that Respondent be reinstated only through the procedures of Admission and Discipline Rule 23(4) and (18).

Notwithstanding the expiration of the term of probation set forth above, Respondent's probation shall remain in effect until it is terminated pursuant to Admission and Discipline Rule 23(17.1).

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.